UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RICHARD T.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No.: 6:19-cv-01144-MK <br><br> OPINION AND ORDER |

**KASUBHAI, Magistrate Judge:**

Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Both parties consent to jurisdiction by a U.S. Magistrate Judge. ECF No. 5.

For the reasons discussed below, the Court affirms the Commissioner's decision.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff protectively filed an application for Disability Insurance Benefits on October 22, 2015, with an alleged disability onset date of February 15, 2006. Tr. 13. Plaintiff's claims were denied initially and upon reconsideration. Tr. 13. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Steven DeMonbreum held a hearing on March 8, 2018. Tr. 13. The ALJ denied Plaintiff's application in a written decision dated July 2, 2018. Tr. 13-28. Plaintiff sought review from the Appeals Council. The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Plaintiff seeks judicial review of the Commissioner's decision.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, "weighing both the evidence that supports and detracts from the ALJ's conclusion." *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## THE SEQUENTIAL ANALYSIS

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Id.* If the claimant satisfies his or her burden

with respect to the first four steps, the burden shifts to the commissioner at step five. *Id.*; *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

At step one, the Commissioner determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step two, the Commissioner determines whether the claimant has one or more severe impairments that are expected to result in death or that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). At step three, the Commissioner determines whether any of those impairments "meets or equals" one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)(ii). The Commissioner then assesses the claimant's residual functional capacity ("RFC"). *Id.* At step four, the Commissioner determines whether claimant's RFC allows for any past relevant work. *Id.* At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

## FINDINGS OF THE ALJ

In this case, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of February 15, 2006. Tr. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease; major depressive disorder; anxiety disorder; a history of attention deficit hyperactivity disorder

(ADHD); and polysubstance use disorder." Tr. 16. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment in the Listings. Tr. 16-18.

Before step four, the ALJ determined that Plaintiff retained the RFC to perform light work with the following limitations:

> He can occasionally climb ramps and stairs, and he can never climb ladders, ropes, and scaffolds. He can frequently balance. He can occasionally kneel, crouch, stoop, or bend. He can never crawl. He can never be exposed to vibrations or workplace hazards, such as dangerous machinery and unprotected heights. He can understand, remember, and carry out short, simple, routine job instructions consistent with a Dictionary of Occupational Titles (DOT) GED reasoning level of 2 or less. He can have only occasional interaction with the public and coworkers.

Tr. 18.

At step four, the ALJ found that Plaintiff was incapable of performing past relevant work. Tr. 26. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. Tr. 26-27. The ALJ found that Plaintiff would be able to perform occupations such as Basket Filler, Inspector and Hand Packager, and Agricultural Sorter. Tr. 27. Finally, the ALJ concluded that from February 15, 2006 through the date of the decision, Plaintiff was not disabled within the meaning of the Act. Tr. 28.

## DISCUSSION

Plaintiff makes two arguments in challenging the Commissioner's decision: (1) the ALJ failed to provide specific and legitimate reasons in rejecting the medical opinion of Plaintiff's family nurse practitioner, Katherine Kernan, and (2) the ALJ failed to properly consider and address relevant portions of the vocational expert's testimony. Pl.'s Br. 4-6, ECF No. 18. The Court addresses them in turn.

**I. Medical Opinion**

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Specific and legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray v. Commissioner*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews v. Shalala*, 53 F.3d 1035, 1042–43 (9th Cir. 1995). An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); *see also Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988)). "[T]he opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r Soc. Sec.*

5 – OPINION AND ORDER

*Admin.*, 169 F.3d 595, 602 (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Katherine Kernan, F.N.P., treated Plaintiff for three years. Tr. 1300. In the Treating Source Statement, Ms. Kernan listed the diagnosis of depressive disorder, attention deficit disorder, and panic disorder with agoraphobia. Tr. 1300. Ms. Kernan noted that Plaintiff is "in long term mental health therapy to manage [his] symptoms" and the medications do not have side effects on Plaintiff. Tr. 1300-01. Plaintiff can sit 60 minutes and stand and walk 45 minutes at one time. Tr. 1302. Plaintiff can sit, stand and walk 8 hours in an 8-hour workday. Tr. 1302. Plaintiff can frequently lift and carry 10 pounds, occasionally 20 pounds, never 50 pounds in a competitive work situation. Tr. 1303. He has no limitations in doing repetitive reaching, handling, or fingering. Tr. 1303. Plaintiff neither needs a job which permits shifting positions at will from sitting, standing or walking, nor needs to take any unscheduled breaks during an 8-hour workday. Tr. 1302-03. He can use hands, fingers, and arms bilaterally 100% during an 8-hour workday. Tr. 1303. Ms. Kernan opined that Plaintiff's medical condition would prevent him from maintaining a regular work schedule on two days per month. Tr. 1304.

The ALJ rejected Ms. Kernan's opinion because "she has not treated the claimant's physical impairments and does not have personal or professional knowledge of his functional physical limitations. Nor is there any indication that his mental impairments result in physical limitations." Tr. 25. Plaintiff contends that the ALJ erred because "Ms. Kernan was clearly the most qualified individual to speak about [Plaintiff]'s medical limitations and functional capacity" based on the three-year treating relationship. Pl.'s Br. 5, ECF No. 18.

6 – OPINION AND ORDER

"[A] nurse practitioner is not an acceptable medical source. Rather, nurse practitioners are defined as 'other sources,' the testimony of whom the administrative law judge may discount if he 'gives reasons germane to each witness for doing so.'" *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (*Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012)).

The record shows that Ms. Kernan treated Plaintiff's mental impairments, not the physical impairments found at step two: degenerative disc disease and polysubstance use disorder. *See*, *e.g.*, Tr. 337, 609, 612, 615, 618, 621. In the Treating Source Statement, Ms. Kernan only indicated that she diagnosed Plaintiff with mental impairments. Tr. 1300. At the same time, Ms. Kernan ascribed several physical limitations to Plaintiff. Tr. 1302-04. As the Commissioner argues, Plaintiff's argument ignores the distinction between treatment for mental and physical impairments. Def.'s Br. 2, ECF No. 19. Plaintiff does not respond to this argument. *See* Pl.'s Reply, ECF No. 20. Plaintiff also fails to point to evidence suggesting that Ms. Kernan had any basis for her opinion about Plaintiff's physical impairments. *See* Pl.'s Br., ECF No. 18. Thus, Plaintiff's argument is not persuasive.

The ALJ further noted that Ms. Kernan's opinion about absenteeism is unsupported by the record, including Plaintiff's longitudinal medical records, objective findings, and activities of daily living. Tr. 25. Plaintiff argues that the ALJ's rejection is "conclusory" because the ALJ did not explain which medical records, objective findings, or activities of daily living do not support Ms. Kernan's testimony. Pl.'s Br. 6, ECF No. 18.

Plaintiff's argument is unavailing because the ALJ discussed the medical records, objective findings and activities of daily living in detail in rejecting Plaintiff's subjective complaints. Tr. 20-21. Plaintiff has a long history of low back, mid back, neck, and shoulder pain and MRI scan in 2001 showed osteophytic bars at C5-6-7. Tr. 20, 346. Plaintiff's symptoms

were managed with marijuana and chiropractic care. Tr. 20, 342, 347, 368. Physical therapy was also helpful for Plaintiff's thoracic and lumbar pain. Tr. 342. Plaintiff then reported an exacerbation of neck pain after a trip and fall in May 2006. Tr. 20, 421-22, 485-86. X-ray of his "neck and shoulder show a possible old avulsion fracture between C5-6 which is quite tiny, otherwise normal." Tr. 421. Dr. Michelle Taube advised Plaintiff to continue taking ibuprofen and referred him to physical therapy. Tr. 20, 421. In March 2007, Plaintiff reported ongoing pain in his upper back. Tr. 20, 477. Dr. Jill Chaplin's chart notes showed that Plaintiff had near normal range of motion of the neck and shoulders, with some tenderness in the left trapezius and over the scapula. Tr. 478. Dr. Chaplin noted: "Discussed with patient that he can in fact work as long as he is not repetitively lifting or lifting objects more than 20 pounds. There are many jobs available that do not involve heavy physical labor that he would be able to perform." Tr. 478. Plaintiff was referred to physical therapy. Tr. 483. In September 2007, Plaintiff received an injection for his low back pain, which improved with the injection. Tr. 20, 452. Dr. Chaplin continued the referral of physical therapy for Plaintiff's upper back and shoulder pain. Tr. 452.

Plaintiff managed his back pain in the next 10 years with physical therapy, medication, heat, ice, topical rubs, and alcohol use. Tr. 21, 421, 446, 528, 536, 561, 599, 713, 726. Dr. Chaplin also recommended "increased exercise with walking and taking up yoga to try to improve his chronic pain." Tr. 446. The ALJ noted that objective findings from physical examination were generally within normal limits other than some tenderness. Tr. 21. In January 2018, X-ray of the thoracic spine showed no "obvious factures or focal bone abnormalities. There are minimal degenerative changes identified and are of doubtful clinical significance." Tr. 1278. Plaintiff was referred to acupuncture. Tr. 1279.

Furthermore, the ALJ found:

> [D]espite the claimant's allegations that he is disabled and unable to work, he has engaged in some work activity since the alleged onset date (e.g., Exs. 7F/2; 8F/5; 9F/3; 20F/52, 73). In addition, he maintains his personal care, prepares meals, performs household chores and maintenance, gardens, drives, shops, and cares for his ailing parents (Ex. 5E; 9F/25, 31; 10F/13; 15F/6, 9, 15, 23; 17F/13; 18F/21; 20F/1, 27, 60, 73, 87; 21F/27; 22F/95; 23F/48, 115; 25F/27). Otherwise, he spends his time watching television, riding his bicycle, cutting and stacking wood, socializing with others, going to the river, going to the park, attending baseball games and other community events, playing poker, camping, going to the movies, and exercising (see also e.g., Exs. 6F/6-7; 7F/32; 15F/4, 7, 13, 16, 24; 18F/23, 29, 38, 39, 43; 20F/l, 12, 15, 23, 35, 60; 21F/86; 22F/59, 60, 126; 23F/115; 25F/4, 21, 26). Such activities of daily living undermine the claimant's assertions related to the intensity, persistency, and limiting effects of his physical and mental health symptoms.

Tr. 21.

Plaintiff does not dispute the ALJ's reasons in rejecting Plaintiff's subjective complaints: medical records, objective findings and activities of daily living. *See* Pl.'s Br., ECF No. 18; Pl.'s Reply, ECF No. 20. The ALJ can reject Ms. Kernan's opinion based on the same reasons. Because the ALJ provided germane reasons to reject Ms. Kernan's opinion, the Court does not disturb the ALJ's finding.

## II. Vocational Expert's Testimony

Plaintiff alleges that the ALJ erred by failing to consider the vocational expert's testimony that missing more than one day per month on an ongoing basis would preclude competitive employment. Pl.'s Br. 6, ECF No. 18; Tr. 91. Plaintiff's argument fails because the ALJ rejected Ms. Kernan's opinion that Plaintiff would miss two days per month, and the Court finds no error in the rejection.

## CONCLUSION

In sum, there is substantial evidence in the record to support the ALJ's determination that Plaintiff was not eligible for disability benefits. The Court affirms the Commissioner's decision.

DATED this 22nd day of July 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge

10 – OPINION AND ORDER